UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MAURICE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-00903-JRO-MG |
| | ) | |
| GEORGE FIZZER, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DISMISSING AMENDED COMPLAINT AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Maurice Johnson filed this civil action pursuant to 42 U.S.C. § 1983 alleging that he was held past his release date from Heritage Trail Correctional Facility ("Heritage Trail"). The Court's screening order dismissed Johnson's complaint for failure to state a claim and directed him to file an amended complaint. Dkt. 23. Johnson filed an amended complaint on September 14, 2026, which the Court now screens pursuant to its inherent authority. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 307–08 (1989) (*in forma pauperis* statute "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision").

**I. SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same

standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. THE AMENDED COMPLAINT

Johnson's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). Johnson names the following defendants, who he sues in their individual and official capacities: (1) Indiana Department of Correction ("IDOC"); (2) IDOC Commissioner Lloyd Arnold; (3) Heritage Trail; (4) Warden George Fizzer; (5) the GEO Group, Inc. ("GEO"); (6) IDOC Classification; and (7) Heritage Trail Classification Department. Dkt. 24 at 1.[1]

Johnson was formerly incarcerated at Heritage Trail. *Id.* at 2. Johnson was told by the Classification Department that his release date was February 27, 2026. *Id.* However, he was held five days after the release date. *Id.* Johnson was

[1] Johnson's supplements clarify that he is suing the defendants in their individual and official capacities. *See* dkts. 25, 26.

told that his release date was miscalculated by unknown individuals in the Classification Department after he received time back from a previous disciplinary infraction. *Id.* Johnson seeks monetary damages for emotional and physical injuries. *Id.* at 4.

**III. DISMISSAL OF AMENDED COMPLAINT**

Applying the screening standard to the facts alleged in the complaint, the amended complaint must be dismissed for failure to state a claim upon which relief may be granted.

First, all official capacity claims against Defendants are **dismissed** because Johnson is suing for damages. "[I]n an official capacity suit, a plaintiff may only seek injunctive or declaratory relief." *Knowlton v. City of Wauwatosa*, 119 F.4th 507, 519 (7th Cir. 2024). To adequately state such a claim, Johnson must seek relief from official policies or customs. *See Miller v. Smith*, 220 F.3d 491, 494 (7th Cir. 2000) (citing *Hill v. Shelander*, 924 F.2d 1370, 1373–74 (7th Cir. 2000)). Here, however, he alleges that individuals in the Classification Department miscalculated his release date; he does not allege that official policies or customs led him to be held past his release date.

Second, the Court **dismisses** individual capacity claims against GEO. Private corporations acting under color of state law, such as GEO, are treated as municipalities for purposes of Section 1983 and can be sued when their actions violate the Constitution. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). To state a Section 1983 claim against a municipality, a plaintiff must allege that the

municipality, "either through an express policy or an implied policy of inaction, took 'deliberate' action that was the 'moving force' behind a constitutional injury." *Taylor v. Hughes*, 26 F. 4th 419, 435 (7th Cir. 2022) (quoting *Bd. Of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403–407 (1997)). As seen above, the amended complaint does not allege that Johnson was held past his release date because of GEO's policies or practices.

Third, the Court **dismisses** Johnson's individual capacity claims against the IDOC, Heritage Trail, IDOC Classification Department, and Heritage Trail Classification Department. Section 1983 provides a cause of action for redressing constitutional violations committed by a "person" acting under color of state law. 42 U.S.C. § 1983. States and their agencies, such as the IDOC, are not "persons" that can be sued under the statute. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Similarly, Heritage Trail is a building, not a person that can be sued. *White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018), *cert. denied*, 139 S. Ct. 107 (2018) (explaining that Correctional Industrial Facility is not a proper defendant in a § 1983 lawsuit because "a building is not a person capable of being sued under § 1983"). The Classification Departments within the IDOC and Heritage Trail are large, amorphous, and unspecified groups of people—not persons who can be sued under Section 1983. Additionally, as stated in the previous screening order, vicarious liability does not apply to Section 1983 lawsuits; Johnson must show how each individual person violated his rights. *Iqbal*, 556 U.S. at 676. This means that a whole department cannot be liable for the actions of individuals within the department.

Fourth, the Court **dismisses** individual capacity claims against Warden Fizzer and IDOC Commissioner Lloyd Arnold for the reasons stated in its previous screening order. *See* dkt. 23. The amended complaint does not allege any facts showing that Warden Fizzer and Commissioner Arnold were personally involved in calculating Johnson's release date or in holding him for five days. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). Therefore, claims against Warden Fizzer and Commissioner Arnold are dismissed.

Additionally, as a whole, the amended complaint fails to state an Eighth claim.[2] "Incarceration beyond the date when a person is entitled to be released violates the Eighth Amendment if it is the product of deliberate indifference." *Figgs v. Dawson*, 829 F.3d 895, 902 (7th Cir. 2016). Here, Johnson alleges that the Classification Departments miscalculated his release date; he does not allege any facts showing that this miscalculation was deliberate. But "deliberate indifference requires more than negligence or even gross negligence; a plaintiff must show that the defendant was essentially criminally reckless, that is, ignored a known risk." *Id.* at 903. In sum, even if Johnson were to name the individuals who were personally responsible for miscalculating his release date,

[2] The amended complaint also alleges that Defendants violated Johnson's Fourth and Fourteenth Amendment rights. In *Peoples v. Cook Cnty.*, 128 F.4th 901, 906–08 (7th Cir. 2025), the Seventh Circuit clarified that neither Amendment would apply to Johnson's allegations. The Fourth Amendment does not apply to an over-detention claim by a plaintiff, such as Johnson, who has already been convicted and sentenced. *Id.* at 906. The Fourteenth Amendment does not apply because the Eighth Amendment controls the analysis of over-detention, which would make analysis under the Fourteenth Amendment "redundant" or even "disruptive" to the Eighth Amendment. *Id.* at 907 (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998)); *see also Steele v. Wynn*, 2012 WL 4481815, at *3 (S.D. Ind. Sept. 28, 2012) (citing *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997). To the extent he alleges separate claims under the Fourth and Fourteenth Amendment, they are **dismissed**.

the facts alleged in the amended complaint do not show that Johnson's Eighth Amendment rights were plausibly violated.

## III. CONCLUSION

The amended complaint does not sufficiently state a claim under § 1983. Therefore, this action is **dismissed for failure to state a claim upon which relief can be granted**. 28 U.S.C. § 1915A; *see also Childress v. Walker*, 787 F.3d 433, 441 (7th Cir. 2015); *Paul v. Marberry,* 658 F.3d 702, 705 (7th Cir. 2011).

Final judgment shall issue by separate entry.

**SO ORDERED.**

Date: 10/23/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

MAURICE JOHNSON
1033 East Washington Street
Indianapolis, IN 46202